*549 MEMORANDUM **
SN Servicing Corp. appeals the Bankruptcy Appellate Panel’s (“BAP”) dismissal of its appeal of the bankruptcy court’s order disallowing SN Servicing’s imposition of a prepayment penalty against Stanley and Diane Kloza. The BAP dismissed the appeal because SN Servicing filed both its notice of appeal and motion for extension of time past the deadlines established by Federal Rule of Bankruptcy Procedure 8002. Because the appeal was untimely, the BAP held that it did not have jurisdiction to consider the merits of SN Servicing’s claims. We affirm.
The timeliness of a notice of appeal is a question of law that we review de novo. Saunders v. Band Plus Mortgage Corp. (In re Saunders), 31 F.3d 767, 767 (9th Cir.1994) (per curiam). Timeliness is a jurisdictional matter, and neither we nor the BAP has jurisdiction to consider the merits of a claim where an appeal to the BAP was untimely. Id.
The BAP dismissed SN Servicing’s appeal of the bankruptcy court’s order because SN Servicing filed both its notice of appeal and extension motion after the deadline for each had passed. Federal Rule of Bankruptcy Procedure 8002 states that a notice of appeal shall be filed within ten days of the date of the entry of the judgment, order, or decree being appealed. Fed. R. Bankr.P. 8002(a). The time period for filing a notice of appeal may be extended, provided that a request to extend time is filed before the time for filing a notice of appeal has expired. Fed. R. Bankr.P. 8002(c). Upon a showing of “excusable neglect,” however, an extension motion may be “filed not later than 20 days after the expiration of the time for filing a notice of appeal.” Fed. R. Bankr.P. 8002(c)(2).
The bankruptcy court issued its order disallowing SN Servicing’s imposition of a prepayment penalty against the Klozas on February 12, 2004. SN Servicing filed a notice of appeal on March 5, 2004, a motion for stay pending appeal on March 9, 2004, and a motion for extension of time on March 17, 2004. Thus, SN Servicing filed its notice of appeal 22 days after entry of the bankruptcy court’s order and its extension motion 34 days after entry of the order. Accordingly, the BAP dismissed SN Servicing’s appeal as untimely and “void for lack of jurisdiction.”
SN Servicing argues that the BAP’s dismissal was improper pursuant to the excusable neglect exception in Rule 8002(c) because the bankruptcy court previously granted its motion to extend time. In this circuit, “[t]he standard for determining excusable neglect is ‘a strict one.’ ” Oregon v. Champion Int’l Corp., 680 F.2d 1300, 1301 (9th Cir.1982) (per curiam) (quoting Selph v. Council of the City of Los Angeles, 593 F.2d 881, 883 (9th Cir.1979)) (internal quotation omitted). An extension of time due to excusable neglect is only allowed in “ ‘extraordinary cases where injustice would otherwise result.’” Id. (quoting Headlee v. Ferrous Fin. Serv. (In re Estate of Butler’s Tire & Battery Co.), 592 F.2d 1028, 1034 (9th Cir.1979)). It is true that the bankruptcy court granted SN Servicing’s extension motion. In its extension motion, SN Servicing argued that its tardiness was justified under the excusable neglect exception because it did not receive a copy of the bankruptcy court’s order disallowing the prepayment penalty. The BAP rejected this argument, however, stating that “[flailure to receive notice of the entry of an order does not excuse the *550 filing of an untimely notice of appeal.” According to the BAP, “[cjounsel is expected to monitor the docket to insure that critical time limits do not pass.” Granted, a considerable amount of time had elapsed before the bankruptcy court issued its order. The BAP pointed out, however, that SN Servicing “was not taken wholly by surprise” that the bankruptcy court’s order was entered on February 12, 2004, because the Klozas’ attorney served SN Servicing’s attorney with the proposed order only days before.
The BAP correctly rejected SN Servicing’s excusable neglect defense. “Inadvertence or mistake of counsel ... does not constitute excusable neglect under this standard.” Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986) (per curiam). Lack of notice of the entry of an order also does not constitute excusable neglect. Delaney v. Alexander (In re Delaney), 29 F.3d 516, 518 (9th Cir.1994). “It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party’s affirmative duty to monitor the dockets.” Warrick v. Birdsell (In re Warrick), 278 B.R. 182, 187 (9th Cir.BAP 2002). Consequently, SN Servicing cannot legitimately claim excusable neglect. Regardless, even if it had a valid argument, SN Servicing filed its extension motion four days after the deadline established by Rule 8002(c)(2).
SN Servicing also argues that the doctrine of unique circumstances applies in this case. Under the unique circumstances doctrine, an appellate court may consider an untimely appeal if the delay was induced by affirmative assurances from the district court that the appeal would be timely. Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir.1992). Unique circumstances will excuse an untimely notice of appeal only if the bankruptcy court explicitly extended the deadline for appeal and if a judicial officer has specifically assured an appellant that the appeal would be timely. Osterneck v. Ernst & Whinney, 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). The judicial act in question must occur within the original time period for appeal. Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986).
In support of its argument, SN Servicing points to the fact that the bankruptcy court granted its extension motion. SN Servicing further relies on the fact that it filed a motion for stay pending appeal, which the bankruptcy court granted. This argument fails, however, because the bankruptcy court did not grant SN Servicing’s extension motion within the applicable time period, as is required. The extension order was not issued until May 11, 2004, approximately two months after the deadline passed. Additionally, the bankruptcy court did not specifically assure SN Servicing that its appeal would be timely. Rather, Judge Lloyd King’s order merely stated that “the time for filing a Notice of Appeal is extended to March 5, 2004.” Granting SN Servicing’s extension motion, by itself, was not enough to give rise to unique circumstances. Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 329 (9th Cir.1994).
Furthermore, neither SN Servicing’s untimely notice of appeal nor its motion for stay pending appeal constitutes a valid motion for extension of time. Williams v. EMC Mortgage Corp. (In re Williams), 216 F.3d 1295, 1297-98 (11th Cir.2000); Pettibone v. Cupp, 666 F.2d 333, 335 (9th Cir.1981). Similarly, the bankruptcy court clerk’s acceptance of SN Servicing’s untimely notice of appeal also does not give rise to unique circumstances. Even if any of these filings could have given rise to unique circumstances, SN *551 Servicing failed to file any of them within the time period dictated by Rule 8002.
Although the bankruptcy court should not have granted SN Servicing’s untimely extension motion, nothing the bankruptcy court did constitutes unique circumstances. Therefore, the BAP correctly rejected SN Servicing’s unique circumstances defense and dismissed its appeal as untimely.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.