COLORADO COURT OF APPEALS
 2016 COA 06

 
 

 Court of Appeals No. 14CA2374
Boulder County District Court No. 13CV30085
Honorable Judith L. Labuda, Judge

 In the Matter of the Petition of
 Sharman Heotis, a/k/a Sharman Petersen,
 Petitioner-Appellant,
 v.
 Colorado Department of Education,
 Respondent-Appellee.

 APPEAL DISMISSED
 Division VI
Opinion by JUDGE BERNARD
Terry and Dunn, JJ., concur
 Announced January 14, 2016

 Kris A. Gomez, Brooke M. Copass, Denver, Colorado, for Petitioner-Appellant
 Cynthia H. Coffman, Attorney General, Jonathan P. Fero, Senior Assistant Attorney General, Sarah H. Pennington, Assistant Attorney General, Denver, Colorado, for Respondent-Appellee
  
 ¶1         A district court magistrate denied the request of petitioner, Sharman Heotis, who is also known as Sharman Petersen, to seal the record of a criminal case in which she had been the defendant. Ms. Heotis is a teacher, and respondent, the Colorado Department of Education, denied her request to renew her teaching certificate in 2014 because of the criminal case.
 ¶2         The teacher appealed the magistrate’s order to the district court. The court affirmed the magistrate’s order on different grounds. The teacher then filed this appeal. We dismiss it because we conclude that we do not have jurisdiction over it.
 I. Background
 ¶3         In 2009, as part of a plea disposition resulting in a deferred judgment, the teacher pled guilty to a misdemeanor. She complied with all the required conditions, so, in 2011, the court allowed her to withdraw her guilty plea and dismissed the criminal case.
 ¶4         Based on the teacher’s involvement in the criminal case, the Department of Education’s board, in a default process, revoked her teaching license in 2011. She learned of the board’s decision when she tried to renew her license in 2012. Since that time, the teacher and the Department have been engaged in a series of proceedings. The teacher wants the Department to renew her license; the Department does not want to do so.
 ¶5         In mid-January 2013, the teacher filed a petition to seal the records in the criminal case. She filed the petition in the district court, and the Department opposed her request. A magistrate presided over the hearing on the petition.
 ¶6         The magistrate ruled against the teacher. She appealed to the district court. The district court adopted the magistrate’s order.
 ¶7         The teacher appealed to this court. The division issued its opinion in mid-2014. The division remanded the case “to the district court with directions to remand to the magistrate” so that the magistrate could resolve four questions. In the Matter of the Petition of Heotis, slip op. at 7 (Colo. App. No. 13CA1270, May 15, 2014)(not published pursuant to C.A.R. 35(f))(Heotis I). The division then stated that, after the magistrate had issued an order resolving those questions, “either party may petition for review by the district court, and file an appeal from the district court’s order, as appropriate.” Id. at 8
 ¶8         The magistrate issued a second order in September 2014. The order again denied the teacher’s request to seal the records in the criminal case. She sought the district court’s review. The district court modified the magistrate’s order, and it also denied the teacher’s request, although on different grounds.
 ¶9         The teacher appealed the district court’s decision. So this is the second appeal in this case.
 II. Analysis
 A. Authority of Magistrates and Appeals from Their Orders
 ¶10         The authority of district court magistrates, such as the one who entered the orders in this case, to preside over particular cases is set forth in the Colorado Rules for Magistrates. These rules distinguish between cases that a magistrate can hear only with the consent of the parties and cases that a magistrate can hear without the parties’ consent. C.R.M. 6.
 ¶11         As far as civil cases are concerned, C.R.M. 6(c)(1)(A)–(G) list seven specific situations in which magistrates can hear cases without consent. These situations range, for example, from “[c]onduct[ing] settlement conferences,” C.R.M. 6(c)(1)(A); to “[c]onducting hearings as a master pursuant to C.R.C.P. 53,” C.R.M. 6(c)(1)(D); to “[a]ny other function authorized by statute,” C.R.M. 6(c)(1)(G).
 ¶12         C.R.M. 6(c)(2) discusses cases in which consent is necessary. It states that “[a] magistrate may perform any function in a civil case except that a magistrate may not preside over jury trials.”
 ¶13         C.R.M. 3(f)(1)(A) sets forth three ways in which a “a party is deemed to have consented to a proceeding before a magistrate . . . .” One of them is pertinent here: when a “party has been provided notice of the referral, setting, or hearing of a proceeding before a magistrate” and the party does not “file a written objection within 14 days of such notice . . . .” C.R.M. 3(f)(1)(A)(ii).
 ¶14         C.R.M 7 sets forth the procedures for appealing orders that magistrates have entered. There is an important difference between a case that the magistrate has heard with the parties’ consent and a case that the magistrate heard without their consent.
 ¶15         C.R.M. 7(a) addresses “[o]rders . . . entered when consent is not necessary.” In such cases, a party may seek review by filing a petition in the district court. C.R.M. 7(a)(5). Once a district court has entered its order, a party may appeal to this court. C.R.M. 7(a)(11).
 ¶16         The rules are different if consent is necessary for the magistrate to act. C.R.M. 7(b). In such circumstances, a party who wants to appeal a magistrate’s order does not follow the process described by C.R.M. 7(a). Instead, the party skips district court review and appeals “pursuant to the Colorado Rules of Appellate Procedure [to the court of appeals] in the same manner as an order or judgment of a district court.” C.R.M. 7(b). In such cases, magistrates “shall include in any order . . . a written notice that the order . . . was issued with consent, and that any appeal must be taken pursuant to Rule 7(b).” Id.
 B. The Appeals in This Case
 ¶17         The teacher’s request to seal the records in the criminal case relied on then-applicable section 24-72-308. Ch. 272, sec. 16, § 24-72-308, 2013 Colo. Sess. Laws 1432; Ch. 289, sec. 7, § 24-72­308, 2013 Colo. Sess. Laws 1542-43; Ch. 336, secs. 9-10, § 24-72­308, 2013 Colo. Sess. Laws 1959. (We note that the legislature amended and relocated this section in 2014. See Ch. 317, sec. 3, § 24-72-702, 2014 Colo. Sess. Laws 1378. This amendment does not affect our analysis, and we refer to section 24-72-308 in the opinion for ease of reference.) Although the request concerned records in a criminal case, proceedings under this statute are civil cases. Gasper v. Gunter, 851 P.2d 912, 916 n.5 (Colo. 1993); People v. D.K.B., 843 P.2d 1326, 1329 n.2 (Colo. 1993); F.M. v. People, 298 P.3d 991, 993 (Colo. App. 2011).
 ¶18         Because this is a civil case, the first question that we must answer is whether the magistrate could hear it without consent. After examining the various categories of cases in C.R.M. 6(c)(1)(A)– (G), we see that a proceeding in which a magistrate could rule on a petition to seal criminal records is not expressly mentioned in any of them. And there was no express statement in section 24-72-308 that authorized the magistrate to preside over a proceeding to seal criminal records, so C.R.M. 6(c)(1)(G) did not apply. We therefore conclude that the magistrate could only preside over the proceedings in this case if the parties had consented because it involved a “function in a civil case . . . .” See C.R.M. 6(c)(2).
 ¶19         The next question we face is whether the teacher and the Department had consented to the magistrate handling this case. The record establishes that they were “deemed to have consented.” See C.R.M. 3(f)(1)(A). The magistrate sent them notice that she would preside over the case unless the parties filed a written objection within fourteen days. See C.R.M. 3(f)(1)(A)(ii). Neither the teacher nor the Department filed such an objection, and they proceeded to litigate the case before the magistrate.
 ¶20         Finally, how is the appellate process affected by the legal status of the case before the magistrate? Because this case was litigated with consent, the teacher should have filed her appeal in the court of appeals instead of in the district court. C.R.M. 7(b).
 ¶21         But the teacher first filed her appeal in the district court, not the court of appeals. The appellate clock began to tick.
 ¶22         The magistrate issued her amended order on September 4, 2014. The teacher filed her appeal in the district court fifteen days later, on September 19, 2014. The district court issued its order thirty-three days after that, on October 22, 2014. The teacher filed her notice of appeal in the court of appeals forty-nine days after that, on December 10, 2014.
 ¶23         All told, ninety-seven days elapsed between the date when the magistrate issued her order and the date when the teacher filed her notice of appeal in the court of appeals. That was too long. The appellate rules require an appellant in a civil case to file a notice of appeal within forty-nine days “of the date of the entry of the . . . order from which the [appellant] appeals.” C.A.R. 4(a). As we have shown above, the order from which the teacher should have appealed to the court of appeals was not the district court’s order; it was the magistrate’s order.
 ¶24         C.A.R. 4(a) would permit us to “extend the time for filing the notice of appeal . . . for a period not to exceed 35 days from the expiration of the time otherwise prescribed” if the appellant demonstrated “excusable neglect.” In other words, C.A.R. 4(a) would allow us to accept a notice of appeal in such circumstances if the teacher had filed it within eighty-four days of when the magistrate entered her order. But, even if the teacher could show excusable neglect, she filed the notice of appeal well beyond this additional grace period.
 ¶25         “The filing of a notice of appeal [in a civil case] within the time limits established by C.A.R. 4(a) is mandatory and jurisdictional.” Hillen v. Colo. Comp. Ins. Auth., 883 P.2d 586, 587 (Colo. App. 1994). We therefore conclude that we do not have jurisdiction over the teacher’s appeal because her notice of appeal was not timely filed. So we dismiss the appeal. See Madison Capital Co., LLC v. Star Acquisition VIII, 214 P.3d 557, 560 (Colo. App. 2009)(court of appeals dismissed part of appeal concerning a contempt order because the appellant did not file a timely notice of appeal from that order); Goodwin v. Homeland Cent. Ins. Co., 172 P.3d 938, 945 (Colo. App. 2007)(court of appeals dismissed part of an appeal concerning a judgment because the appellant did not file a timely notice of appeal from that judgment).
 ¶26         We realize that the road to this conclusion runs through some confusing territory and that the confusion was caused by the judicial system.
 ¶27         For example, there is no indication in the record that the magistrate included a statement in her order that informed the parties that it had been “issued with consent, and that any appeal must be taken pursuant to Rule 7(b).” C.R.M. 7(b). (We recognize that she may have done so and that the teacher and the Department may not have included the notice in the record. But, if she did not send the teacher and the Department such notice, she should have, and it is our expectation that she will consistently do so in such cases in the future.)
 ¶28         And the division in Heotis I remanded the case to the district court, “with directions to remand to the magistrate.” No. 13CA1270, slip op. at 7. The division added that, after the magistrate had entered “amended findings and orders,” then either the teacher or the Department could “petition for review by the district court, and file an appeal from the district court’s order, as appropriate.” Id. at 8.
 ¶29         So should we look for an exception to what we think is a very clear jurisdictional bar because the judicial system contributed to the confusion in this case? The exception that the teacher urges us to apply is the unique circumstances doctrine. As it was originally described by our supreme court, this doctrine extends jurisdiction to cases in which a party has missed a jurisdictional filing deadline, but the party has “reli[ed] and act[ed] upon an erroneous or misleading statement or ruling by a trial court regarding the time for filing post-trial motions.” Converse v. Zinke, 635 P.2d 882, 886 (Colo. 1981). The supreme court described the doctrine’s exception to jurisdictional rules as “narrow,” and it pointed to opinions decided by the United States Supreme Court, such as Harris Truck Lines v. Cherry Meat Packers, 371 U.S. 215, 217 (1961), overruled by Bowles v. Russell, 551 U.S. 205 (2007), as its genesis. Converse, 635 P.2d at 886.
 ¶30         Colorado appellate courts have applied the doctrine in a variety of circumstances. In P.H. v. People in Interest of S.H., 814 P.2d 909, 911-12 (Colo. 1991), our supreme court applied the doctrine in a termination of parental rights case. The court concluded that the case involved “fundamental values,” id. at 912, and that the appellant had relied on a trial court’s order that had erroneously extended the time in which the appellant could file a notice of appeal. The supreme court reversed a division of this court that had dismissed the appeal, stating that the dismissal was “not consistent with the unique circumstances doctrine.” Id.
 ¶31         In People in Interest of A.J.H., 134 P.3d 528, 531-33 (Colo. App. 2006), a trial court misled the appellant’s counsel in another termination of parental rights case, which, like P.H., involved a parent’s fundamental liberty interest. Counsel mistakenly thought that the court had granted his motion to withdraw and that it would appoint a substitute attorney for the purposes of appeal. The appellant did not file a timely notice of appeal. Applying the unique circumstances doctrine, the division decided that it had jurisdiction to accept the appeal. The division noted that the doctrine was “rarely invoked” and that it “applies only to an extreme situation.” Id. at 531.
 ¶32         The majority in In Interest of C.A.B.L., 221 P.3d 433, 439 (Colo. App. 2009), recognized that, “[i]n certain limited circumstances,” the court of appeals “may apply the unique circumstances doctrine to extend the deadline for filing a notice of appeal.” The majority held that it would do so in a kinship adoption proceeding, even though the appellant had not filed a timely notice of appeal, because the case involved the mother’s “fundamental liberty interests.” Id. at 439-40. So the majority concluded that it had jurisdiction to decide the appeal because the appellant had “reli[ed] or act[ed] upon an erroneous or misleading statement or ruling by the district court.” Id. at 440 (citation omitted).
 ¶33         Judge Roy filed a specially concurring opinion in Interest of C.A.B.L. He thought that the Colorado Rules for Magistrates created a “confusing appellate labyrinth” that led this court to dismiss a “significant, and perhaps unacceptable” number of appeals. Id. at 443-44. 
 ¶34         Judge (now Justice) Gabriel dissented from the majority’s application of the unique circumstances doctrine. He made two points that are pertinent to our analysis.
 ¶35         The first point was that the unique circumstances doctrine does not apply in civil cases governed by C.A.R. 4(a) because C.A.R. 26(b) expressly eliminates it. Id. at 444-45. C.A.R. 26(b) states that “[t]he [appellate] court may not enlarge the time for filing a notice of appeal [for good cause shown] beyond that prescribed in C.A.R. 4(a).”
 ¶36         The second point was that the United States Supreme Court did away with the unique circumstances doctrine in 2007 as far as issues involving appellate jurisdiction were concerned. The Supreme Court stated in Bowles, 551 U.S. at 214, that “the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.” Because the Supreme Court did not have authority “to create equitable exceptions to jurisdictional requirements,” it concluded that “use of the ‘unique circumstances’ doctrine is illegitimate.” Id. In reaching this result, the Supreme Court overruled the cases, such as Harris Truck Lines, on which our supreme court had relied in Converse. Id. at 213-14.
 ¶37         After considering this authority, we conclude, for the following reasons, that we should not apply the unique circumstances doctrine to this case.
 ¶38         First, this case is distinguishable from the facts that our supreme court considered in Converse and P.H. The appellants in those cases did not file notices of appeal that were outside of the time set by C.A.R. 4(a). Converse dealt with a late motion for judgment notwithstanding the verdict that had been filed in the trial court. And, as Judge Gabriel pointed out in his partial dissent in Interest of C.A.B.L., 221 P.3d at 445, the notice of appeal in P.H. was filed within the extra period of time that C.A.R. 4(a) allowed for excusable neglect.
 ¶39         Second, the rationale for applying the unique circumstances doctrine that appears in Interest of A.J.H. and in the majority opinion in Interest of C.A.B.L. does not exist in this case. Both of those cases involved a fundamental liberty interest. This case does not.
 ¶40         vAlthough obtaining a court order sealing her criminal records would obviously be important to the teacher, we know of no authority that designates a person’s ability to seal criminal records as a fundamental liberty interest. Indeed, the authority that we have found rejects that premise. See Paul v. Davis, 424 U.S. 693, 713 (1976)(a person did not have a fundamental liberty interest that would bar the publication of his criminal record); Bird v. Summit Cty., 730 F.2d 442, 444 (6th Cir. 1984)(“A state is not constitutionally required to expunge an arrest record. . . . Since the . . . [m]unicipal [c]ourt was under no constitutional compulsion to expunge [the plaintiff’s] record, a failure to completely comply with the expungement order presents only a question of [state] law.”) (citations omitted).
 ¶41         Third, we are persuaded by Judge Gabriel’s partial dissent in Interest of C.A.B.L. Relying on his reasoning, we decline to apply the unique circumstances doctrine in this case. The combination of C.A.R. 4(a) and C.A.R. 26(b) make clear that we cannot expand the time for filing a notice of appeal beyond eighty-four days, even if we were to conclude that the teacher had demonstrated excusable neglect.
 ¶42         Fourth, the combination of the preceding three factors convinces us that this appeal does not present one of the “extreme situation[s]” in which the unique circumstances doctrine should be “rarely invoked.” See Interest of A.J.H., 134 P.3d at 531-33.
 ¶43         Fifth, it is assuredly up to our supreme court — and not us — to determine the parameters of the unique circumstances doctrine in Colorado after Bowles. We obviously cannot overrule Converse. Silver v. Colo. Cas. Ins. Co., 219 P.3d 324, 330 (Colo. App. 2009)(The court of appeals is not “at liberty to disregard” a rule established by the supreme court “absent some clear indication” that the supreme court “has overruled it.”).
 ¶44         But, if our supreme court were to decide that it is persuaded by Bowles, it is highly likely that the doctrine would not apply in a case such as this one. See Bowles, 551 U.S. at 214. And we note that our supreme court has not revisited the scope or the applicability of the unique circumstances doctrine since it did so in 1991 in P.H. Since then, the United States Supreme Court reversed the authority in Bowles that Converse cited as the basis for adopting the doctrine in Colorado.
 ¶45         Sixth, we respectfully disagree with Judge Roy’s view that the Colorado Rules for Magistrates are a “confusing appellate labyrinth.” Interest of C.A.B.L., 221 P.3d at 444. We think that those rules, at least those that apply to this case, are sufficiently clear to inform appellants (1) that the route of appellate proceedings differs between cases that magistrates hear without consent and those that they hear with consent; and (2) where notices of appeal should be filed based on the differences between those two types of cases. But, even if there is some confusion in those rules, the solution does not lie in contorting the law of appellate jurisdiction to remedy it; the solution lies, instead, in amending the rules.
 ¶46         The appeal is dismissed.
 JUDGE TERRY and JUDGE DUNN concur.
 
These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here.