THE UNITED STATES, APPELLANTS, *v.* THOMAS CURRY AND RICE GARLAND.

The 9th section of the act of 26th May, 1824, relative to the action of the Attorney-General in cases of appeal, is only directory, and its non-observance does not vitiate an appeal, provided it be taken by the district attorney and sanctioned in this court by the Attorney-General.

An attorney or solicitor cannot withdraw his name, after it has been entered upon the record, without the leave of the court, and the service of a citation upon him, in case of appeal, is as valid as if served on the party himself.

The opinion of the court in the case of Villabolos *v.* The United States (*ante*, p. 81) again asserted; viz. that the appellant must prosecute his appeal to the next succeeding term of this court, and whenever the appeal is taken by entering it in the clerk's office, the adverse party must be cited to appear at that time.

Therefore, where an appeal was filed in the clerk's office in November, 1846, and there was no citation to the adverse party to appear on the 7th of December, 1846 (the commencement of the succeeding term of this court), the case was not removed upon that appeal.

A party may take a second appeal where the first has not been legally prosecuted. But in the present case, the order of the court cannot be construed as a grant of a second appeal.

The appeal must therefore be dismissed, on motion.

THIS was an appeal from the District Court of the United States for Louisiana, involving the title to a large body of land in that State. The proceedings of the District Court are sufficiently set forth in the opinion of the court and in the argument of *Mr. Curry*, to which the reader is referred.

*Mr. Curry* moved to dismiss the appeal, as having been irregularly brought up.

The motion was argued by *Mr. Curry* and *Mr. Jones*, in favor of it, and *Mr. Clifford*, Attorney-General, against it.

*Mr. Curry* said that the proceedings in this case were had under the law of Congress, passed the 26th May, 1824, "enabling claimants to land (within the State of Missouri, &c.) to institute proceedings to try the validity of their claims," &c.; which is revived by the act of the 17th June, 1844, by "An act to provide for the adjustment of land claims within the States of Louisiana, &c." The first of these acts is in the 4th volume of the Statutes at Large, p. 52; the last one is to be found in the 5th volume of the same work, p. 676.

The appeal is from the United States District Court for Louisiana, sitting as a court of equity, under the provisions of the first-recited act.

The second section of this act provides, "that every petition or suit shall be conducted as in a court of equity, &c.; and in all cases the party against whom the judgment or decree of said District Court may be finally given shall be entitled to an appeal, *within one year* from the time of its rendition, to the Supreme Court of the United States, the decision of which court shall be final and conclusive between the parties," &c.

The ninth section of said act has this provision : — " That it shall be the duty of the district attorney of the United States for the district in which the suits authorized by this act shall be instituted, in every case where the decision is against the United States, and the claim exceeds one thousand acres, to make out and transmit to the Attorney-General of the United States a statement containing the facts of the case, and the points of law on which the same was decided; and if the Attorney-General shall be of opinion that the decision of the District Court was erroneous, it shall be his duty to direct an appeal to be made to the Supreme Court of the United States, and to appear and prosecute the said appeal in that court; and it shall be the further duty of the district attorney to observe the instructions given to him by the Attorney-General in that respect."

The decree of the District Court of Louisiana sought to be appealed from was rendered and signed on the 26th day of June, 1846.

On the 5th of November, 1846, the following petition was filed, upon which the following proceedings of the court took place, viz. : —

To the Hon. T. H. McCaleb, judge of the District Court of the United States for the District of Louisiana.

The petition of the United States respectfully shows, that it is believed there is error in the judgment rendered against them in this honorable court on the twenty-sixth day of June last, 1846, in the matter of Curry and Garland *v.* The United States.

Wherefore they pray that your honor may be pleased to allow an appeal to be taken from said judgment to the Supreme Court of the United States.

(Signed,)     THOMAS J. DURANT, *Att'y U. S.*

*Judge's orders thereon.*

Let this petition be filed and an appeal granted as prayed for.
(Signed,)     THEO. H. MCCALEB, *U. S. Judge.*

Let the said appeal be returnable on the second Monday of January, 1847.

(Signed,)                THEO. H. MCCALEB, *U. S. Judge.*

Let the return day of the appeal in this case be extended to the third Monday of February next, 1847.

(Signed,)                THEO. H. MCCALEB, *U. S. Judge.*

And on the 13th day of February, 1847, the following entry was made on the minutes, to wit : —

*Saturday, February 13th, 1847.*

Present, the Hon. T. H. McCaleb.

CURRY AND GARLAND ⎱
          *v.*                ⎰ 1.
THE UNITED STATES. 

Upon motion of Thomas J. Durant, United States district attorney, that the land cause No. 1, and entitled as above, appeal has been granted from the judgment rendered therein to the Supreme Court of the United States, at Washington, and that the said appeal has been made returnable on a subsequent day during the present session of the Supreme Court, and not on the first day of said term, as the practice generally is ; to the end that said case of appeal might have its chance of being tried during the present session ; and as no object will be gained by issuing citation to the appellees, directing them to appear at any other time than on the first day of the said term of said court, it is therefore ordered, that the order upon the said petition of appeal in said cause be so amended as to make it returnable on or before the commencement of the next annual session of the Supreme Court.

*Mr. Curry* further said, that no citation upon this order was issued until the 14th of August, 1847. But at that time the year within which an appeal could be taken had expired for more than a month. The citation was also irregularly served. The following extract from the record shows the date of the citation, and its irregular service.

United States District Court for the District of Louisiana.

To Thomas Curry and Rice Garland, greeting :

You are hereby cited and admonished to be and appear before the Supreme Court of the United States of America, to be holden at Washington city, on the first Monday of December next, pursuant to an order of appeal granted on the thirteenth day of February, 1847, by the district judge of the United States for the District of Louisiana, in a certain suit

wherein you are plaintiff and the United States are defendants, to show cause, if any there be, why the decree rendered on the second day of May, 1846, against the said appellants and in your favor, should not be corrected, and why speedy justice should not be done to the parties in this behalf.

Witness my hand and seal, at New Orleans, this fourteenth day of August, A. D. 1847.

THEO. H. McCALEB, *U. S. Judge*

*Marshal's return.*

Rec'd, August 27th, 1847, and on the 8th September, 1847, served copies of the above citation on Wm. C. Hamner, in person, at New Orleans, said Wm. C. Hammer's name appearing on the docket as attorney for the above-named plaintiffs.

WM. SHEARER, *D'y U. S. Marshal.*

Filed 15th November, 1847.

*Mr. Curry* therefore moved to dismiss the appeal, on the three following grounds, viz. : —

1. Because it was taken and entered in the clerk's office on the 5th November, 1846, and no citation issued or was served before the next term of this court after the appeal was entered; nor did any issue until the year allowed to appeal in had elapsed. Consequently there was no appeal within the year. See the case of Villabolos *v.* The United States, decided at the present term of this court.

2. There was no service of the citation of appeal, even if it had issued in time, on the appellees, as is required by law.

3. That no appeal has been directed to be made to the Supreme Court of the United States in this case by the Attorney-General, so far as the record shows, in the manner prescribed by the 9th section of the act of 26th May, 1824

*Mr. Clifford* (Attorney-General) contended, on the part of the United States, that the appeal was not taken in fact until the 13th February, 1847; that an appellant may withdraw an appeal and renew it; that the appeal was prayed in open court, when no citation was necessary; that the citation was not necessarily a part of the record, and therefore was no part of a writ of error; that if served at any time before the return day, the service is good.

For these and other views he referred to 4 La. Rep. 318; Code of Practice, art. 594; 2 Smith, Ch. Pr. 14, 37; 2 Cranch, 33; 6 Binney, 106; 6 Mass. 435; 5 Howard, 295; 4 Cranch, 180; 3 Peters, 459; 7 Peters, 147.

*Mr. Jones*, in support of the motion, contended, that the 9th section of the act of 1824 had not been complied with;

that the right of appeal was limited and not absolute, under the 2d and 9th sections of that act; that the public interest required that frivolous cases should not be brought up; that the service upon an attorney was not sufficient; that it depended on the rules of the court to make it so, and here there were no rules; that a reference to the record would disprove that the 13th of February, 1847, was the time of appeal, and show that this order was merely a modification of an existing appeal.

Mr. Chief Justice TANEY delivered the opinion of the court.

A motion has been made to dismiss this case for want of jurisdiction.

The appeal was taken from a decree of the District Court of the United States for the Louisiana District, confirming to the appellees certain lands which they claimed under a Spanish grant. The decree was made on the 2d of May, 1846. But a new trial was afterwards granted, in order that third persons, who also claimed title to the land, might have an opportunity of intervening in the suit, according to the practice of the Louisiana State courts. Subsequently, however, the petition of the intervenors was withdrawn, and another decree was passed and signed on the 26th of June, 1846, again confirming the title of the present appellees. It is not material to this inquiry whether the first or second decree is to be regarded as the final one in the District Court.

This proceeding by new trial (instead of rehearing, as in chancery) and intervention was irregular. And the court seems to have followed the Louisiana State practice, when the acts of Congress direct that the proceedings in such cases shall be conducted according to the rules of a court of equity. 5 Statutes at Large, 676; 2 Statutes at Large, 53.

On the 5th of November, 1846, the district attorney presented a petition to the district judge, praying an appeal, who thereupon passed an order, indorsed on the petition, directing it to be filed and the appeal granted. Further orders of the district judge are also indorsed on the petition, — one directing the appeal to be returnable to the second Monday of January, 1847; another extending the time to the third Monday in February; and another dated the 13th of February, 1847, in the following words : —

" Upon motion of Thomas J. Durant, United States district attorney, that the land cause No. 1, and entitled as above, appeal has been granted from the judgment rendered therein to the Supreme Court of the United States, at Washington, and that the said appeal has been made returnable on a subsequent day during the present session of the Supreme Court, and not

on the first day of said term, ε ι the practice generally is ; to the end that said case of appeal might have its chance of being tried during the present session ; and as no object will be gained by issuing citation to the appellees, directing them to appear at any other time than on the first day of the said term of said court, it is therefore ordered, that the order upon the said petition of appeal in said cause be so amended as to make it returnable on or before the commencement of the next annual session of the Supreme Court."

Afterwards, on the 14th of August, 1847, a citation was issued, requiring the appellees to appear in this court on the first Monday in December then next following. The citation states the decree from which the appeal was made to have passed on May 2, 1846, and refers to the order above recited as an appeal granted on the day the order bears date. It was served, as appears by the return of the marshal, on the 8th of September following, on the attorney whose name appeared on the docket as the attorney for the petitioners, who are the present appellees. But the affidavit of the attorney has been filed here, stating that he was not at that time their attorney,— that his fee had been paid, and he had been discharged from all duty as attorney or counsel for the parties, and had so informed the marshal at the time of the service.

In this state of the facts, several objections have been made to the validity of this appeal. Two of them may be disposed of in very few words.

It is said that the record does not show that this appeal was taken by the direction of the Attorney-General, according to the provisions of the 9th section of the act of May 26, 1824. We think there is no force in this objection. That section is merely directory to the officers of the United States, and intended to guard more effectually the public interests. And if the appeal is taken by the district attorney, and sanctioned in this court by the Attorney-General, it is sufficient, even though it should appear (which it does not in this instance) that the appeal was taken without his previous direction.

So, too, as to the service of the citation on the attorney. It is undoubtedly good, and according to the established practice in courts of chancery. No attorney or solicitor can withdraw his name, after he has once entered it on the record, without the leave of the court. And while his name continues there, the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself. And we presume that no court would permit an attorney who had appeared at the trial, with the sanction of the party, express or implied, to withdraw

his name after the case was finally decided. For if that could be done, it would be impossible to serve the citation where the party resided in a distant country, or his place of residence was unknown, and would in every case occasion unnecessary expense and difficulty, unless he lived at the place where the court was held. And, so far from permitting an attorney to embarrass and impede the administration of justice, by withdrawing his name after trial and final decree, we think the court should regard any attempt to do so as open to just rebuke.

The remaining objection is a more serious one. Has this appeal been taken and prosecuted within the time limited by the acts of Congress? The District Court appears to have acted, in relation to the appeal, as it did in its previous proceedings, under the erroneous impression that it must follow the practice of the Louisiana State courts; without adverting to the acts of Congress which conferred on the court the special jurisdiction it was exercising, and which prescribe the manner in which it shall be exercised. There was no necessity for the petition to the district judge to grant the appeal. It was a matter of right given by law after final decree, which the court could not refuse. Nor had it any power to prescribe the time or manner in which the record was to be transmitted, and the case brought before this court. That, too, is regulated by acts of Congress, which the court can neither change nor modify. All the orders, therefore, upon this subject were unauthorized and void. And the validity of the appeal depends altogether upon the laws of the United States, without reference to the laws of Louisiana or orders of the District Court.

The acts of Congress concerning appeals in cases of this description were fully considered by the court in the case of Villabolos *v.* United States, decided in the early part of the present term, and the previous decisions of this court referred to and examined. And the court in that case held that the appellant must prosecute his appeal to the next succeeding term of this court, and the adverse party be cited to appear at that time, whenever the appeal is taken by entering it in the clerk's office. In the case before us, the appeal was filed in the clerk's office, November 5, 1846. The next succeeding term of this court commenced on the 7th of December in the same year. But there was no citation to the adverse party to appear at that time, and consequently the case was not removed to this court upon that appeal. The citation which issued on the 27th of August, 1847, would not bring up an appeal returnable to December term, 1846.

It is true, that, although this appeal was not prosecuted, yet the district attorney might have taken another appeal at any

time within a year from the date of the decree, and brought it up by a citation returnable to the December term, 1847. The right of a party to take a second appeal where the first had not been legally prosecuted was decided in the case of Yeaton *v.* Lenox, 8 Peters, 123. In that case, the first appeal was dismissed by the court, for the want of a proper citation. And the appellant, before the expiration of the time limited by law for appealing, entered a second appeal in the Circuit Court, and cited the adverse party to appear at the term of this court next following the second appeal ; and the second appeal was held good. If, therefore, the order of February 13, 1847, could, as contended for in the argument, be regarded as a second appeal, the case would be regularly before the court, upon the citation issued in the August following. But, after very carefully considering that order, the court think that no just construction of its language will authorize us to regard it as a second appeal. It was evidently nothing more than a motion to extend the time for returning the appeal previously taken ; and the court directs that its former order be so amended as to make the citation returnable to the next term of this court. The citation which afterwards issued, in August, 1847, calls this order an appeal, and speaks of it as an appeal granted on the day it bears date. But this description in the citation cannot change the meaning of the language used in the order. It appears, like the preceding ones, to have been made under the impression that the District Court had the power to regulate the time and manner of bringing up the appeal.

It has been said that this objection is a mere technicality, and may be regarded rather as a matter of form than of substance. But this court does not feel itself authorized to treat the directions of an act of Congress as it might treat a technical difficulty growing out of ancient rules of the common law. The power to hear and determine a case like this is conferred upon the court by acts of Congress, and the same authority which gives the jurisdiction has pointed out the manner in which the case shall be brought before us ; and we have no power to dispense with any of these provisions, nor to change or modify them. And if the mode prescribed for removing cases by writ of error or appeal be too strict and technical, and likely to produce inconvenience or injustice, it is for Congress to provide a remedy by altering the existing laws ; not for the court. And as this appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.

Mr. Justice WOODBURY dissented:

10.*

*Order.*

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Louisiana, and was argued by counsel. On consideration whereof, and it appearing to the court that this appeal has not been prosecuted in the manner directed and within the time limited by the acts of Congress, it is therefore now here ordered and decreed by this court, that this appeal be and the same is hereby dismissed.