**William V. EATMON, Appellant,**

v.

**Emmett L. DRIGGERS and Emmett L. Driggers, Administrator of the Estate of Katherine Driggers, Appellees.**

**No. 1837.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 6, 1956.

Decided Oct. 18, 1956.

Bernard W. Kemp, Washington, D. C., for appellant.

Charles B. Sullivan, Jr., Washington, D. C., for appellees.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

This suit was brought under our Negligence Causing Death statute, Code 1951, § 16–1201. It was filed by Mr. Driggers individually and as administrator of the estate of his wife, who had been killed in an automobile collision. The claim was for $3,000, the maximum jurisdiction of the Municipal Court, and the jury's award was in that amount. The important question on this appeal is whether the Municipal Court had jurisdiction to entertain the action.

In 1942 Congress reorganized the local trial courts and created a new Municipal Court, which it vested with "exclusive jurisdiction of civil actions * * * in which * * * the debt or damages claimed * * * does not exceed the sum of $3,000". Code 1951, § 11–755. That jurisdiction has been held to include equi-table actions as well as suits in law. Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697; Rowe v. Nolan Finance Co., 79 U.S.App.D.C. 35, 142 F.2d 93; Shulman v. Shulman, D.C.Mun.App., 86 A.2d 527, and cases there cited.

But is that jurisdiction so all-embracing as to include statutory actions for wrongful death? The answer would seem to be yes, except for certain language in a recent amendment to the wrongful death statute. Like those of most other jurisdictions, our statute was patterned after the historic Lord Campbell's Act of 1846. As enacted in 1885, it limited recovery to a maximum of $10,000. See D.C.Code, 1901 Ed., § 1301, 23 Stat. 307. That limitation remained effective until 1948, when Congress by amendment removed the $10,000 ceiling. Code 1951, § 16–1201, 62 Stat. 487, ch. 507, § 1. At the same time Congress wrote the following restrictive language into the Act:

> "* * * *Provided further*, That if in a particular case the verdict is deemed excessive the trial justice or the United States Court of Appeals for the District of Columbia, on appeal of the cause, may order a reduction of the verdict * * *."

Appellant argues, and we think correctly, that this indicated an intent that jurisdiction in this class of cases be continued in the United States District Court. It is worth noting that when the statute was first enacted in 1885 there was no Municipal Court, which was not established until a quarter-century later, in 1909. The jurisdiction of the Municipal Court was increased to $1,000 in 1921 and to $3,000 in 1942. And so far as the members of this court know or have been able to ascertain, actions for wrongful death had always been filed for the statutory maximum of $10,000 in the United States District Court (and earlier in its predecessor in name, the District of Columbia Supreme Court). This undoubtedly explains why in the 1948 amendment Congress vested the power to reduce verdicts on appeal in such cases in

the United States Court of Appeals. Thereby Congress clearly contemplated that jurisdiction in such cases would continue in the United States District Court, our one court of general jurisdiction, from which appeals are taken of right to the United States Court of Appeals. It may be reasoned that Congress could not have intended, in removing the $10,000 ceiling, that this class of litigation would be channeled into a court of limited jurisdiction.

Moreover, in enacting the 1948 amendment Congress knew that this court, which had then been in existence for more than six years, was the only court to which came appeals of right from judgments of the Municipal Court, and that the Act creating this court took such reviewing power away from the United States Court of Appeals. Code 1951, § 11–772. The fact that this court was not given any power to review judgments in these cases therefore means that the Municipal Court has no power to try them in the first instance.

To assume otherwise would lead to an anomalous situation. It would mean that these cases might properly be filed in the Municipal Court but that a defendant would have no right of appeal (a) to this court, because we have no right to review under the 1948 amendment, or (b) to the United States Court of Appeals, because there are no appeals to that court from the Municipal Court. Other anomalies also suggest themselves, if it be held that the Municipal Court has jurisdiction. A plaintiff would have the right to appeal to this court on any ground, including inadequacy of an award to him. A defendant would also have the right to appeal to this court and have us review any errors assigned, *but not* excessiveness of a verdict. If he wanted that question reviewed he would have no appeals court to which to take his grievance. It is true that our decisions in appeals from the Municipal Court may be reviewed by the United States Court of Appeals, on petition for allowance of appeal. Code 1951, § 11–773. But that procedure is not an appeal of right, such as the 1948 amendment clearly contemplated. We note also that there is no procedure by which this court may certify cases or specific questions to the United States Court of Appeals. Nor, in this or any other type of case, is there any procedure by which this court may be by-passed. Thus it cannot be held that wrongful death suits may be filed in the Municipal Court without establishing an appellate no-man's-land.

■ Therefore, from any approach we use, we find ourselves inevitably arriving at the conclusion that the United States Court of Appeals is the only court to which appeals may be taken in this special class of cases, and that trial of such cases must be had exclusively in the United States District Court.

We wish to emphasize that in considering this case we have sought to avoid technical constructions which might impair or destroy the position of this plaintiff or others in the same situation (although we realize that only most infrequently would plaintiffs in death actions wish to shun the United States District Court and sue for as little as $3,000). Also we are aware of the marked trend toward enlarging the jurisdiction of the Municipal Court. These considerations have made us reluctant to rule as we do in this case; but we have no alternative.

■■ In this situation trial jurisdiction is closely tied to appellate jurisdiction; and it is clear that the jurisdictional areas have been specifically circumscribed by the legislative language we have quoted above. When Congress has declared and prescribed a method of appellate review, courts have no power to change or modify that method. "And if the mode prescribed * * * be * * * likely to produce inconvenience or injustice, it is for Congress to provide a remedy by altering the existing laws; not for the court." United States v. Curry, 6 How. 106, 47 U.S. 106, 12 L.Ed. 363.

Reversed, with instructions to dismiss the action for want of jurisdiction.

HOOD, Associate Judge (dissenting).

The Act of April 1, 1942, gave the Municipal Court jurisdiction of "civil actions * * * in which the claimed value of personal property or the debt or damages claimed * * * does not exceed the sum of $3,000." In my view that language is broad enough to include an action for damages for wrongful death, provided the damages claimed do not exceed $3,000. If I am correct in this then the only question is whether the 1948 amendment to the wrongful death statute divested the Municipal Court of jurisdiction of wrongful death actions, even though the damages claimed do not exceed the court's statutory jurisdictional limitation.

The 1948 amendment did not expressly give the District Court exclusive jurisdiction over this type of action and neither did it expressly deny jurisdiction to the Municipal Court. If it denied jurisdiction to the Municipal Court, it did so only by implication, and ordinarily jurisdiction is neither given nor denied by implication. The only possible ground for holding that the amendment impliedly gave the District Court exclusive jurisdiction is the fact that the power to order a reduction of an excessive verdict is given only to the District Court and the United States Court of Appeals.[1]

I cannot believe that the framers of the legislation intended in this indirect manner to give exclusive jurisdiction to the District Court. I think it is far more reasonable to believe that it was felt that the chance of an excessive verdict was much more likely to occur in the District Court, and that it was proper to give that court and the United States Court of Appeals the power to reduce such a verdict—a very unusual power in this jurisdiction—and that the chance of an excessive verdict in this type of case in the Municipal Court was so remote that there was no occasion for giving such power to the Municipal Court or to this court.[2]

Of course, the probability is that the draftsmen of the 1948 amendment gave no thought to the Municipal Court or its jurisdiction in this type of case and proceeded on the assumption that in any wrongful death case damages far exceeding $3,000 would be claimed. But such lack of thought or erroneous assumption does not justify the conclusion that the 1942 Act did not give the Municipal Court jurisdiction of wrongful death cases or that, if it did, such jurisdiction was taken away by the 1948 amendment.

It is my opinion that the Municipal Court has jurisdiction of a wrongful death case if the damages claimed do not exceed the statutory jurisdictional amount of $3,000.

1. My attention has been called to no case where this power was exercised. The tendency appears to be to let the verdict of the jury stand. In National Homeopathic Hospital v. Hord, 92 U.S.App.D.C. 204, 204 F.2d 397, a verdict of $17,000 for the death of a three-day old child was held not excessive. In Rankin v. Shayne Brothers, Inc., D.C.Cir., 234 F.2d 35, it was held that the District Court did not abuse its discretion in refusing to grant a new trial on the ground that a verdict of $123.90 for the death of a nine-week old child was inadequate.

2. Although the Municipal Court cannot order a reduction in an excessive verdict, it may set aside an excessive verdict and order a new trial or it may order a new trial unless a remittitur is filed.