**Michael HAGEN, Plaintiff–Appellant,**

v.

**CABLE NEW NETWORK, INC.; Time, Inc., a Delaware corporation April Oliver; Peter Arnett; John Smith; Amy Kasarda, Defendants–Appellees.**

No. 06–17034.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2008.*

Filed June 20, 2008.

R.App. P. 34(a)(2).

Kevin R. McLean, Esq., Belli & McLean, San Francisco, CA, for Plaintiff–Appellant.

Kevin T. Baine, Washington, DC, Steven R. Manchester, Manchester Williams & Seibert, San Jose, CA, for Defendants–Appellees.

Before: McKEOWN and GOULD, Circuit Judges, and SCHIAVELLI **, District Judge.

### MEMORANDUM ***

Michael Hagen ("Hagen") has appealed the district court's denial of his Federal Rule of Civil Procedure 60(b) motion for relief from judgment. However, in his appellate briefing, Hagen does not discuss the district court's Rule 60(b) ruling. Instead, he addresses only the merits of the district court's summary judgment.[1]

Under 28 U.S.C. § 2107(a), a party must file a notice of appeal within 30 days of the entry of the judgment being appealed. *See also* Fed. R.App. Proc. 4(a)(1)(A). Hagen did not file a notice of appeal of the summary judgment. Nor do any of the exceptions to the 30–day requirement apply to Hagen. If a party timely files in the district court a motion for relief under Rule 60, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . if the [Rule 60] motion is filed no later than 10 days after the judgment is entered." Fed. R.App. Proc. 4(a)(4)(A)(vi). Because Hagen did not file his Rule 60(b) motion within 10 days of the judgment, he has not secured a tolling of the appeal window by means of Rule 4. *See Reid Prods. v. Westport Ins. Corp.,* 400 F.3d 1118, 1119 (9th Cir.2005).

Hagen's failure to file an appeal of the summary judgment precludes our considering his challenges to the summary judgment. "[T]he time limits for filing a notice of appeal are jurisdictional in nature." *See Bowles v. Russell,* —— U.S. ——, 127 S.Ct. 2360, 2362, 2366, 168 L.Ed.2d 96 (2007). "[W]hen an 'appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.'" *Id.* at 2366 (citing *United States v. Curry,* 47 U.S. 106, 113, 6 How. 106, 12 L.Ed. 363 (1848)). Accordingly, we have no jurisdiction to review Hagen's arguments concerning the district court's summary judgment.

Also, Hagen has waived his appeal of the district court's Rule 60(b) ruling because he did not address issues concerning the order resolving his Rule 60(b) motion in his briefing. *See, e.g., Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**

---

** The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.